IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 14-cv-01785-MSK-MJW

JUANA ARMIJO, AND
APOLINAR VALENZUELA RAMOS; and those similarly situated

    Plaintiffs,

v.

STAR FARMS, INC.; and
ANGELO PALOMBO;

    Defendants.

---

PROTECTIVE ORDER  (Docket No 57-1)

---

    THIS MATTER comes before the Court upon the Stipulated Motion for Protective Order. After review motion and the file, the Court finds that good cause exists for issuance of a Protective Order. Therefore, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, **IT IS HEREBY ORDERED:**

    1.    This Stipulated Protective Order (the "Protective Order) governs the handling of specific designated documents, things and other information obtained during the course of discovery in this action. All designated confidential information produced or disclosed in the course of discovery in this action shall be used by the parties receiving it solely for the purpose of preparing and conducting pretrial and trial proceedings in this action, and for no other purpose.

    2.    As used in this Protective Order, the term "confidential information" means commercial, financial, proprietary and/or trade secret information designated as confidential by a party producing such information (the "Producing Party") and constituting commercially or competitively sensitive information and the like, or which relates to the commercial operations used or proposed by be used by any of the parties and contains confidential research, financial or other commercial information generated by any such party, whether revealed during a deposition, in a document, in an interrogatory answer, or otherwise, in connection with this litigation. "Confidential Information" shall include, but not be limited to, any document, testimony, or response to a discovery request, including any extract, abstract, chart, summary, recording,

transcription, note, or copy made therefrom, that is designated by Plaintiff or Defendants as containing "confidential information".

3. Information disclosed by Plaintiff to Defendants, or by Defendants to Plaintiff, pursuant to F.R.C.P. 26 or by agreement, may be designated as confidential information in the following manner:

    a. By imprinting the word "Confidential" on the first page or cover of any document;

    b. By imprinting the word "Confidential" next to or above any response to an interrogatory or request for admission;

    c. With respect to testimony that is not transcribed, by giving written notice to opposing counsel designating such portions as "Confidential" no later than twenty days after the testimony is given; and

    d. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten days after receipt of the transcribed testimony.

4. All information disclosed by Plaintiff or Defendants designated as confidential information shall be subject to the following restrictions:

    a. The information shall be used only for the purpose of this litigation and not for any business or other purposes whatsoever; and

    b. The information shall not be communicated or disclosed in any manner, either directly or indirectly, to anyone other than:

    (1) The parties to this action and any employee of a party and/or representative designated by a party to act on his, her or its behalf in connection with this litigation provided that each such individual signs an undertaking in the form attached hereto as Exhibit "A" agreeing to be bound by this Protective Order and consenting to the jurisdiction of this Court;

    (2) Experts whose opinions may be presented at trial in this litigation, who are retained or specially employed by a party for the purposes of this litigation, or who are consulted by counsel in connection with this litigation, but only to the extent the communication or disclosure of confidential information is necessary to assist counsel in the prosecution or defense of this litigation, and is necessary for the expert's rendition of services in this litigation, provided that each such expert signs an undertaking in the form attached hereto as Exhibit" A" agreeing to be bound by this Protective Order and consenting to the jurisdiction of this Court;

(3) Persons noticed for depositions to the extent reasonably necessary in preparing them to testify at their depositions in this litigation, provided that each such person signs an undertaking in the form attached hereto as Exhibit" A" agreeing to be bound by this Protective Order and consenting to the jurisdiction of this Court;

(4) Deponents during the course of their depositions in this litigation;

(5) Persons designated as trial witnesses in this litigation, to the extent reasonably necessary in preparing them to testify at trial in this litigation, provided that each such person signs an undertaking in the form attached hereto as Exhibit" A" agreeing to be bound by this Protective Order and consenting to the jurisdiction of this Court;

(6) Trial witnesses during the course of their trial testimony in this litigation;

(7) The Court, persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing, trial, or deposition in this action, or any appeal therefrom; and

(8) Such other persons as the Court may specifically approve after notice and hearing in this litigation, but only subject to any terms or conditions imposed by the Court, and provided that each such person signs an undertaking in the form attached hereto as Exhibit " A" agreeing to be bound by this Protective Order and consenting to the jurisdiction of this Court.

5. Individuals authorized to review confidential information pursuant to this Protective Order shall hold such information in the strictest confidence and shall not divulge the information, either verbally or in writing, to any other person, entity (including the media), or local, state, or federal government agency, unless ordered to do so by a court of law.

6. No access to confidential information shall be permitted to any individual identified in subparagraphs 4(b)(1-8), including the Plaintiff, until the individual to be accorded access has signed an undertaking in the form attached hereto as Exhibit" A" agreeing to be bound by this Protective Order and consenting to the jurisdiction of this Court. Plaintiff's counsel shall be responsible for maintaining a list of all persons to whom any confidential information disclosed by any of the Defendants is disclosed. Defendants' counsel shall be responsible for maintaining a list of all persons to whom any confidential information disclosed by Plaintiff is disclosed. The opposing party may inspect a party's counsel's list only upon showing that the party has substantial need of the list to establish the source of an unauthorized disclosure of confidential information

and that the party is unable, without undue hardship, to identify the source of the disclosure through other means.

7. No copies of confidential information disclosed by one party to an opposing party may be made by the party receiving the confidential information, except by or on behalf of the receiving party's or parties' counsel in this litigation.

8. All confidential information received by a party or the party's counsel in this litigation, including all extracts, abstracts, charts, summaries, notes, recordings, transcriptions, or copies made therefrom, must be retained in the custody of counsel or other persons authorized by this Protective Order during the pendency of this litigation.

9. In the event that a party desires to permit access to information received from an opposing party, which is identified as "confidential" hereunder, to any person or category of persons not identified in paragraphs 4(b)(1-8), above, the receiving party shall inform the other party(ies) in writing, and the parties shall attempt first to resolve the matter in good faith and on an informal basis. If the parties are unable to resolve their dispute, the receiving party shall move this Court for an Order that such a person or category of persons may be given access to the information. In the event that the motion is granted, such person or category of persons may be given access to the information. In the event that the motion is granted, such person or category of persons may have access to the information, but only subject to any terms or conditions imposed by the Court, and provided that such person or persons sign an undertaking in the form attached hereto as Exhibit" A" agreeing to be bound by this Protective Order and consenting to the jurisdiction of the Court.

10. Counsel for the parties shall be responsible for assuring compliance with the terms of this Protective Order by their respective clients and any other persons to whom such counsel and their clients disclose confidential information from an opposing party, and for obtaining the prior agreement to be bound by the terms of the Protective Order from all qualified recipients to whom any confidential information is disclosed in accordance with the Protective Order.

11. If a party objects to an opposing party's designation of certain information as "confidential information," he/she/it shall inform the other party(ies) in writing that the information should not be deemed "confidential information," and the parties shall attempt first to resolve such dispute in good faith and on an informal basis. If the parties are unable to resolve their dispute, the objecting party shall present a motion to the Court objecting to such status, or the objection is waived. The information at issue shall continue to have confidential information status during the pendency of any such motion. In connection with a motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

12. If counsel for either party determines to file in or submit to this Court any discovery material designated as confidential information, or information derived therefrom, or any papers containing or making reference to the specific content of such material or information, any filings containing documents or other information designated as Confidential pursuant to this Order shall be filed pursuant to D.C.COLO.LCivR 7.2, with the filing party requesting Level 1 restriction, pursuant to the rule, which will limit access to the parties and the court. If the Court denies the motion to restrict, the party attempting the filing may proceed with the filing with the documents or other information unrestricted.

13. The termination of this action shall not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of confidential information pursuant to this Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order until Termination of This case.

14. By agreeing to the entry of this Protective Order, the parties hereto adopt no position as to the admissibility of information disclosed subject to this Protective Order.

15. Within ninety (90) days of the termination of this litigation, including any appeals, counsel for any party that received confidential information from an opposing party shall be required immediately to return to counsel for the disclosing party all confidential information disclosed subject to this Protective Order, and all extracts, abstracts, charts, summaries, recordings, transcriptions, notes, or copies made therefrom.

16. Nothing in this Protective Order shall preclude any party from filing a motion seeking further or different protection from the Court under F.R.C.P. 26(c), or from filing a motion with respect to the manner in which confidential information shall be treated at trial

BY THE COURT

*[signature]*

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

Dated: June 25, 2015

## EXHIBIT A

## AFFIDAVIT

STATE OF COLORADO  )
                   ) SS.
COUNTY OF _____  )

I, _____, under penalty of perjury, state or affirm:

1. I have read the Protective Order in the case *Juana Armijo et. al. v. Star Farms, Inc., and Angelo Palombo* No. Civil Case No. 14-cv-01785-MSK-MJW pending in the Federal District Court for the District of Colorado.

2. I have been informed by _____, counsel for _____, that the documents, materials, testimony, and other information (collectively "information") listed in the attached list are confidential information subject to the Protective Order.

3. I hereby agree to comply with, and to be bound by, the terms of the Protective Order. I understand that, among the requirements of the Protective Order, are the following requirements:

    a. not to use any confidential information for any purpose other than this litigation;

    b. to hold any confidential information in the strictest confidence;

    c. not to copy any confidential information; and

    d. not to divulge any confidential information, either verbally or in writing, to any other person, entity (including the media), or local, state, or federal government agency, unless ordered to do so by a court of law.

1

2

4. For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the Court in the civil action referenced above.

FURTHER AFFIANT SAYETH NAUGHT.

_____

Subscribed and sworn to before me this _____ day of _____, 20____

Witness my hand and official seal.

My Commission expires: _____

(SEAL)

_____
**NOTARY PUBLIC**

## EXHIBIT A

## AFFIDAVIT

STATE OF COLORADO    )
                     ) SS.
COUNTY OF _____ )


I, _____, under penalty of perjury, state or affirm:

1. I have read the Protective Order in the case *Juana Armijo et. al. v. Star Farms, Inc., and Angelo Palombo* No. Civil Case No. 14-cv-01785-MSK-MJW pending in the Federal District Court for the District of Colorado.

2. I have been informed by _____, counsel for _____, that the documents, materials, testimony, and other information (collectively "information") listed in the attached list are confidential information subject to the Protective Order.

3. I hereby agree to comply with, and to be bound by, the terms of the Protective Order. I understand that, among the requirements of the Protective Order, are the following requirements:

    a.  not to use any confidential information for any purpose other than this litigation;

    b.  to hold any confidential information in the strictest confidence;

    c.  not to copy any confidential information; and

    d.  not to divulge any confidential information, either verbally or in writing, to any other person, entity (including the media), or local, state, or federal government agency, unless ordered to do so by a court of law.

1

4. For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the Court in the civil action referenced above.

FURTHER AFFIANT SAYETH NAUGHT.

_____

Subscribed and sworn to before me this _____ day of _____, 20____

Witness my hand and official seal.

My Commission expires: _____

(SEAL)

_____
**NOTARY PUBLIC**

**EXHIBIT A**

**AFFIDAVIT**

STATE OF COLORADO )
                                      ) SS.
COUNTY OF _____ )

I, _____, under penalty of perjury, state or affirm:

1. I have read the Protective Order in the case *Juana Armijo et. al. v. Star Farms, Inc., and Angelo Palombo* No. Civil Case No. 14-cv-01785-MSK-MJW pending in the Federal District Court for the District of Colorado.

2. I have been informed by _____, counsel for _____, that the documents, materials, testimony, and other information (collectively "information") listed in the attached list are confidential information subject to the Protective Order.

3. I hereby agree to comply with, and to be bound by, the terms of the Protective Order. I understand that, among the requirements of the Protective Order, are the following requirements:

    a. not to use any confidential information for any purpose other than this litigation;

    b. to hold any confidential information in the strictest confidence;

    c. not to copy any confidential information; and

    d. not to divulge any confidential information, either verbally or in writing, to any other person, entity (including the media), or local, state, or federal government agency, unless ordered to do so by a court of law.

4. For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the Court in the civil action referenced above.

FURTHER AFFIANT SAYETH NAUGHT.

_____

Subscribed and sworn to before me this _____ day of _____, 20\_\_\_\_.

Witness my hand and official seal.

My Commission expires: _____

(SEAL)                                            _____
                                                                                   Notary Public