# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Case No. 14-cv-01785-MSK-MJW

JUANA ARMIJO;
APOLINAR VALENZUELA RAMOS; and those similarly situated

    Plaintiffs,

v.

STAR FARMS, INC.; and
ANGELO PALOMBO;

    Defendants.

---

### FINAL SETTLEMENT AGREEMENT AND CONSENT DECREE

---

    This **SETTLEMENT AGREEMENT** is entered into by and among Juana Armijo and Apolinar Valenzuela Ramos (hereinafter, "Plaintiffs"), and Defendants Star Farms and Angelo Palombo (hereinafter, "Defendants" and with Plaintiffs collectively, "Parties"), who agree and stipulate as follows:

    **WHEREAS**, Plaintiffs have brought the above-styled complaint on behalf of themselves and all others similarly situated alleging violations of the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA") and the Fair Labor Standards Act ("FLSA") against Defendants; and

    **WHEREAS**, the Plaintiffs maintain that they would ultimately prevail on all issues in this action but have reached what their counsel believes is a fair and reasonable settlement with Defendants, taking into account the assets of these Defendants and the evidence obtained through this litigation;

1

**WHEREAS**, Defendants maintain that they would ultimately prevail on all issues in this action but have reached what their counsel believes is a fair and reasonable settlement, and Defendants wish to end a prolonged and expensive litigation, and

**WHEREAS**, the Plaintiffs and Defendants desire to resolve amicably, completely and forever all disputes between them without additional delay and without the expense occasioned by litigation;

**NOW THEREFORE**, **IT IS STIPULATED AND AGREED** by and among the Parties to this Settlement Agreement that this controversy shall be settled and compromised, subject to Court approval, upon the terms and conditions set forth below:

## I. DEFINITIONS

1. As used herein, the following terms shall have the following meanings:

    a. "Settlement Class", "Settlement Class Member", and "Settlement Class Members" shall mean all those individuals who are members of the FLSA Class and the FRCP 23 Class.

    b. The term "Settlement Administrator" is that person or entity selected by the Parties' counsel and approved by the Court to serve as the administrator for the settlement of the Action who will serve as the joint agent of Plaintiffs and Defendants.

    c. The term "Preliminary Approval Date" shall mean the date that the District Court gives preliminary approval to this Agreement and authorizes the mailing of Notice.

    d. The term "Final Approval Order" shall mean the order of the District Court that gives final approval to this Agreement.

e. The term "Final Approval Date" shall mean the date upon which the Final Approval Order is issued.

f. The term "Effective Date" shall mean the later of the following dates: (a) the date of an order by the Court granting final approval of the Settlement, if there are no objections; or (b) if there are objections and an appeal of the Court's decision granting final approval, the day after all appeals are finally resolved in favor of final approval.

## II.   CLASS CERTIFICATION

2. For the purpose of settlement, Defendants agree to class certification under Rule 23(b)(3) with respect to the AWPA claims presented in Count I of the First Amended Complaint and to the preliminary and final certification of a FLSA opt-in class presented in Count II of the First Amended Complaint. The settlement classes are defined as follows:

   a. **The FRCP 23 Class**

      All workers who were employed by Star Farms and/or Angelo Palombo at any time from 6/27/2011 to the Present.

   b. **The FLSA Class**

      All workers who were employed by Star Farms and/or Angelo Palombo at any time from 6/27/2012 to the Present.

## III.   CONSIDERATION FOR SETTLEMENT

3. **Payment To Named Plaintiff And Opt-In Plaintiff Apolinar Valenzuela**:

   a. Defendants shall pay or cause to be paid to Plaintiff Apolinar Valenzuela through his counsel, Towards Justice, **$7,200.00.**

   b. This sum shall be paid to Mr. Valenzuela in two equal payments. The first payment shall be made two weeks after the Preliminary Approval Date of this Settlement Agreement. The second payment shall be made on 3/15/2016.

3

  c. This sum shall be paid in satisfaction of Plaintiffs' Individual Claims for unpaid wages.

4. **Payments To Class Fund:** Defendants agree to make fifteen (15) quarterly payments to the class fund over the next three and a half years (3.5 years) for a total payment of fifty-five thousand dollars ($55,000.00). The payments shall be paid to the Class Fund according to the following schedule:

| Payment Number | Due Date of Payment | Amount of Payment |
| --- | --- | --- |
| 1 | within **2** weeks after the Preliminary Approval Date of this Settlement Agreement | $1964.30 |
| 2 | 3/15/16 | $1964.29 |
| 3 | 5/15/16 | $3928.57 |
| 4 | 9/15/16 | $3928.57 |
| 5 | 11/15/16 | $3928.57 |
| 6 | 3/15/17 | $3928.57 |
| 7 | 5/15/17 | $3928.57 |
| 8 | 9/15/17 | $3928.57 |
| 9 | 11/15/17 | $3928.57 |
| 10 | 3/15/18 | $3928.57 |
| 11 | 5/15/18 | $3928.57 |
| 12 | 9/15/18 | $3928.57 |
| 13 | 11/15/18 | $3928.57 |
| 14 | 3/15/19 | $3928.57 |
| 15 | 5/15/19 | $3928.57 |

5. **Entry Of Injunction Under The Migrant And Seasonal Agricultural Worker Protection Act:** An integral and central component of this Settlement Agreement is the adoption of practices designed to ensure that Defendants shall fully comply with the requirements of the Migrant and Seasonal Agricultural Worker Protection Act. Accordingly, Defendants agree to the entry against each of them of an injunction under the Migrant and Seasonal Agricultural Worker Protection Act. This injunction, if approved by the Court, will provide that Defendants shall, in the course of any

4

employment or labor contracting activities with any seasonal or migrant agricultural worker adhere to the following:

a. ***Compliance with Health and Safety Regulations:*** Defendants will comply with all federal, state and local work place regulations applicable to Star Farms and/or Mr. Palombo, including, but not limited to:

   i. providing potable drinking water; accessible, clean, sanitary toilet facilities; and handwashing facilities in accordance with 29 C.F.R. § 1928.110;

   ii. posting all requisite notices at each jobsite in accordance with 29 C.F.R. § 500.76(d)(1) and 29 C.F.R. § 516.4.

b. ***Future Payment of Wages:*** Defendants will comply with all wage statutes, including, but not limited to, paying wages to all Star Farm employees on a timely basis and without deviation from a set schedule on their weekly regular pay day. The wages shall be paid to employees either by cash, money order, or a check with sufficient funds in accordance with 29 C.F.R. § 500.81.

c. ***Notice of Paydays:*** Defendants will post in a prominent place in each work site the payday schedule for all employees and the time and place of payment, as required by C.R.S. § 8-4-107;

d. ***Posting of the Terms of the Consent Decree:***  The terms of the consent decree shall be posted at each worksite along with contact information for Plaintiffs' attorneys and appointed inspectors to report infractions.

e. ***Compliance/Monitoring and Inspections:***  Plaintiffs' counsel and/or their appointed third-party inspectors can conduct inspections for compliance with the

    above provisions and all requisite federal, state and local statutes and regulations. The inspections may take place at any time, however, inspectors shall avoid interrupting the Defendants' employees while they are working and will avoid speaking to such employees except during their break.

6. **Agreement Not To Retaliate:** Defendants acknowledge their obligation under the FLSA and the AWPA not to blacklist, threaten or otherwise discriminate against Plaintiffs and Opt-In Plaintiffs, as required by 29 U.S.C. § 1855(a), and not to discharge or in any manner discriminate against Plaintiffs and Opt-In Plaintiffs for asserting their FLSA rights, as required by 29 U.S.C. § 215(a)(3).

## IV.   CLASS NOTICE, OPT-OUT, AND OBJECTIONS TO THE SETTLEMENT.

7. Within fourteen (14) calendar days of the execution of this Agreement, or within the time provided by order of the Court, the Parties shall file a joint motion with the Court to preliminarily approve this Agreement and the various documents necessary to implement the Agreement referred to herein.

8. Within fourteen (14) calendar days of the Preliminary Approval Date of this Agreement, Defendants will provide to the Settlement Administrator a list, in electronic form, of the names, last known addresses, and Social Security numbers (if known) of all putative Settlement Class members during the applicable class period. Defendants shall also provide a copy of this information to Plaintiffs' counsel.

9. Within twenty-one (21) calendar days of the Preliminary Approval Date of this agreement, Plaintiffs will supply the Settlement Administrator with a list of the minimum amounts due to each Settlement Class Member.

10. Within twenty-eight (28) calendar days of Preliminary Approval Date, the Settlement Administrator shall mail notice of this Settlement to all putative Settlement Class Members by first-class mail in the form approved by the Court ("Class Notice"). The mailing of the Class Notice will be deemed to be the beginning of the sixty three (63) day opt-out period, and any opt-outs and claims must be post-marked or received by the Settlement Administrator no later than sixty three (63) days after the Class Notice is mailed. Within the sixty three (63) day period, each potential class member will be required to indicate to the settlement administrator whether he/she wishes to (1) file a claim, (2) opt-out of the settlement, or (3) object to the settlement.

11. The Class Notice will be approved by the Court and shall contain a description of the case and the allocation procedures and shall state that Defendants dispute all liability in the Action. The Class Notice will provide Settlement Class Members with the following information: (a) that there are potential tax consequences to each Settlement Class Member associated with the settlement, including receipt of a lump sum payment, the payments to Plaintiffs' attorneys and the named Plaintiff, and other issues; (b) that each Settlement Class Member should consult with his or her own tax advisor concerning the tax consequences of the settlement to him or her; (c) information concerning the methods by which the Settlement Class member can obtain a Taxpayer Identification Number (TIN) if he/she does not possess one; and (d) an explanation that the lack of a TIN and/or one's immigration status does not preclude making a claim. The Class Notice will state that both Parties support the settlement, encourage participation in the settlement and affirm that Defendants will not retaliate against any Settlement Class Member for

participating in the settlement. Neither named Plaintiff nor Defendants nor their or its counsel will encourage any Settlement Class Member to opt-out of the settlement.

12. The Class Notice shall be provided to the Class by:

   a. A single Class Notice mailed first class to each Settlement Class Member at his/her last known address by United States Postal Service ("USPS"). Said notice shall contain an easy to understand summary of the terms of this Agreement and its legal effect, the date, time, and place of the Final Approval and Fairness Hearing, the Settlement Class Member's right to object and appear at the hearing individually or through counsel, the procedure for opting-out or filing any objections to this Agreement, and the procedure for filing a claim

   b. As to any Class Notice that is Returned Undeliverable Mail ("RUM"), within three (3) days of receipt of such RUM notice, the Settlement Administrator shall update that Settlement Class Member's address by using the USPS National Change of Address List and, if necessary, shall re-mail the Class Notice to such person via USPS first class mail. He shall also make inquiry of the Plaintiff and of the Defendants concerning the potential whereabouts of the unfound Settlement Class Member, and if provided with a possible address, will mail the notice to the unfound Settlement Class Member at such address. No further address checking or re-mailing shall be required or performed.

   c. The Settlement Administrator shall also place an ad in the legal notices section of a Spanish language newspaper consisting of the Class Notice at the commencement of the sixty three (63) day Class Notice period. Said ad in the legal notices section shall run for fourteen (14) days.

13. Any Settlement Class Member wishing to object to the Court's approval of this Settlement shall be required to follow the procedures set forth in the Class Notice, including filing and serving any objections on Plaintiffs' Counsel no later than sixty three (63) days from the original mailing of the Class Notice. A Settlement Class Member who has submitted an opt-out request may not submit any objections to the Settlement. Any Settlement Class Member who fails to file a timely written objection shall be foreclosed from objecting to this Settlement unless otherwise ordered by the Court.

14. Counsel for the Parties may file a response to objections filed by objecting Settlement Class Members as part of or contemporaneous with the application for final settlement approval. Plaintiffs' Counsel may communicate with Settlement Class Members regarding their objections and may advise the Court of any Settlement Class Members who have communicated that they wish to withdraw their objections.

15. Any Settlement Class Member who does not file a claim before sixty three (63) calendar days after the date of the mailing of the Notice, shall be deemed to have waived his/her right to participate in, and/or to receive any payment from, the Net Settlement Fund.

16. Within seventy seven (77) calendar days of the Preliminary Approval Date, the Settlement Administrator shall report to the Parties concerning the identity of each potential Settlement Class Member who has filed a claim, each who has objected, and each who has opted-out.

17. Within twenty-one (21) calendar days of a receipt of the report referred to in subparagraph 7 above, the parties shall file a Joint Motion with the Court for Final Approval of the Settlement and to confirm the date of a Final Fairness Hearing.

## V. SETTLEMENT PAYMENT

18. The Settlement Payment is a common fund from which will be made all settlement payments to the Settlement Class Members who do not opt out of the settlement; all litigation costs and expenses that are awarded by the Court; all mediation costs; and any service awards awarded to the named Plaintiffs, settlement administration costs, including any and all costs related to Class notice, notice of settlement, calculation of settlement payments, all payments to the Settlement Administrator and any other costs of settlement administration ("Settlement Administration Costs").

## VI. ALLOCATION AND DISTRIBUTION OF NET SETTLEMENT FUND

19. The parties will seek Court approval for the following plan of allocation to distribute the Net Settlement Fund (*i.e.*, the Settlement Payment, less service awards, litigation costs and expenses, and costs of the Class Administrator) to the Settlement Class Members who do not opt-out.

20. The parties propose that all funds remaining in the Net Settlement Fund after the payment of approved costs will be allocated as follows. Each Named Plaintiff will be entitled to a service award of $3500.00 each. Each Settlement Class member who does NOT opt-out of the settlement will be entitled to $2000 to compensate him or her for AWPA violations. Moreover, each Settlement Class member that returns a claim form will affirmatively opt-in to the FLSA class and be entitled to liquidated damages for late payment of wages under the FLSA. Estimated liquidated damages for each class member shall be based on a formula assuming class members worked on average 50 hours per week and were paid late on average 5 times per year. If the total of the amounts claimed by members of the Settlement Class should exceed the available Net Settlement Fund,

10

then individual settlement amounts shall be proportionally adjusted downward until the amount to be distributed equals the Settlement Fund.

### VII. PAYMENTS TO SETTLEMENT CLASS MEMBERS WILL BE ALLOCATED AS FOLLOWS:

21. Each Settlement Class Member's share will be attributable to AWPA statutory damages and FLSA liquidated damages and will not be subject to payroll tax withholding and will be reported by Defendants on I.R.S. Form 1099. The exception to this will be the individual payment to Plaintiff Valenzuela, which will be considered a wage payment and will be reported by Defendants on I.R.S. Form W2.

22. Any amount remaining in the Net Settlement Fund after distribution to the members of the Settlement Class as set forth above including the amounts of any settlement checks returned as undeliverable, or the failure of Settlement Class Members to negotiate settlement checks and the expiration of the Prorated Offset Period, will be held by the Settlement Administrator in trust pending during the time the Court maintains jurisdiction of the settlement for the purposes of supervising and enforcing the injunctive relief. During that time, the Settlement Administrator will pay invoices submitted by Plaintiffs' counsel for costs associated with the enforcement of the injunctive relief in this settlement agreement. Such costs shall be paid out of the Settlement Fund. On or before the date that this court releases jurisdiction over this case for the purpose of enforcing this settlement and consent decree, any trust funds remaining shall be disbursed equally between (1) Legal Aid Foundation of Colorado and (2) Veterans of Foreign Wars Foundation, both non-profit 501(c)(3) organizations, as *cy pres*.

23. Plaintiffs' counsel explicitly waives any right to make a claim for attorneys' fees against the Settlement Fund.

24. No modifications can be made to the plan of allocation unless jointly agreed upon in writing by the Parties and approved by the Court.

### VIII.   COURT APPROVAL AND ENFORCEMENT OF SETTLEMENT AGREEMENT

25. **Consent Order:** The Parties agree that the Court shall enter this Settlement Agreement as a Consent Order, which dismisses this action with prejudice, except that the Court will expressly retain jurisdiction for the sole purpose of enforcing the terms of this Settlement Agreement. The Court shall have jurisdiction to enforce the terms of this Settlement agreement until **July 1, 2019.**

26. **Submission of Settlement Agreement to the Court:** The Parties agree to use their best efforts to obtain entry of this Settlement Agreement by the Court. The Parties shall promptly submit this Settlement Agreement to the Court.

27. **Default.** If the settlement contemplated hereby is not consummated because of the Defendants' default on their payment obligations under this Settlement Agreement or the Defendants' violation of the injunction agreed to under this Settlement Agreement, then Plaintiffs' Counsel shall provide Defendants with a seven (7) day notice to cure the default.  If Defendants fail to cure the default within seven (7) days, Plaintiffs' Counsel shall be entitled to seek the Court's assistance to enforce such payment obligations or injunction. Should the Defendants be found by the Court to be in breach of their payment obligations under this Settlement Agreement, the Defendants shall be responsible for the costs incurred in enforcement of this Settlement Agreement, including reasonable attorneys' fees. If settlement on behalf of the unnamed class members is not consummated because the Court does not enter a final judgment and order, then the case

shall thereupon be deemed to have reverted to its respective status as of the date the settlement is entered.

28. **Final Order To Be Entered Upon Approval of the Settlement:** If the Court approves the settlement embodied in this Settlement Agreement without modification, then a final order shall be entered in this action:

    a. Approving the settlement contemplated in this Settlement Agreement as lawful, fair, just, reasonable and adequate, after considering among other things, that the settlement was reached after good faith, arm's length negotiations by experienced and capable class counsel and in the absence of collusion; the amount of the settlement; the likelihood of the Plaintiffs' success in obtaining all relief prayed for; the cost, complexity, and duration of the litigation if pursued through trial; the further disruption to the business activities of the Defendants; the assets of the Defendants; and, any other matters bearing on the best interests of the parties and directing its consummation and that all parties perform in accordance with the terms of this Settlement Agreement;

    b. Permanently and finally certifying the FRCP 23 Class and the FLSA Class.

    c. Providing that members of the class who have duly and timely requested exclusion from the class may thereafter pursue only their own individual remedies, if any, and not any class actions based on the claims in the Plaintiffs' complaint in this action;

    d. Providing for the release of Defendants from Plaintiff Class Members Claims under AWPA and Opt-In Plaintiffs Claims under the FLSA.

    e.    Dismissing these claims with prejudice upon Defendants' satisfaction of their financial obligations as set forth *supra.*

## IX.    MISCELLANEOUS PROVISIONS

29. **No Interference with Class Members**: Defendants and Defendants' Counsel agree that they will not solicit or advise potential class members to request exclusion from the class and will not represent, or arrange representation for, any potential class member in requesting exclusion from the potential class and/or filing a separate action.

30. **No Interference with Opt-In Plaintiff:** Defendants and Defendants' Counsel agree that they will not solicit or advise potential Opt-In Plaintiffs not to file a consent to sue form indicating their consent to join this action. Defendants and Defendants' Counsel agree that they will not involve themselves or interfere with the decision of any Opt-In Plaintiff or potential Opt-In Plaintiff to opt in to or remain involved in this action. Defendants agree to specifically instruct all supervisors, recruiters and any other agents they authorize to do anything with respect to the recruitment, hiring, processing, interviewing, transportation or supervision of any current workers employed by Defendants (or applicants for jobs with the Defendants) that they shall not in any way interfere with the decision of any Opt-In Plaintiff or potential Opt-In Plaintiff related to joining or remaining involved in this action.

31. **Entire Agreement**: It is understood and agreed by the Plaintiffs and Defendants that this Settlement Agreement contains the entire understanding between them. No oral understandings, statements, promises or inducements contrary to the terms of this Settlement Agreement exist. The Settlement Agreement cannot be changed or terminated

except by the written amendment to this Settlement Agreement signed by counsel for Plaintiffs and the respective Defendants.

32. **Effective Date**: This Settlement Agreement is effective as of the date it is approved by the parties.

_Angelo Palombo_
Angelo Palombo, Individually
and as agent for Star Farms, Inc.

Date 11/12/15

Approved as to form by:

Larry M. Snyder #7667
3300 East First Ave. #690
Denver, CO 80206-5809
Tel. 303-321-0800
Fax 303-468-6039
E-Mail: lmsnyder@firstavelaw.com

15

_[signature]_
Juana Armijo, Individually
and as class agent

_11-12-15_
Date

_[signature]_
Apolinar Valenzuela Ramos, Individually
and as class agent

_11-13-15_
Date

Approved as to form by:

_[signature]_
Alexander Hood # 42775
Plaintiffs' Attorney
Towards Justice
1535 High St., Suite 300
Denver, CO 80218
Tel.: 720-239-2606
Fax: 303-957-2289
Email: alex@towardsjustice.org

Entered as a Consent Decree and Order of the Court on this _____ day of _____, 201\_\_

By,

_____
Judge Marcia Smith Krieger

17