**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

Civil Action No. 14-cv-01785-MSK-MJW

JUANA ARMIJO, and those similarly situated,

    Plaintiff,

v.

STAR FARMS, INC.; and
ANGELO PALOMBO,

    Defendants.

---

**ORDER ON JOINT MOTION FOR PRELIMINARY APPROVAL OF
COLLECTIVE AND CLASS ACTION SETTLEMENT**

---

**This MATTER** comes before the Court on the parties' Joint Motion for Preliminary Approval of Proposed 29 U.S.C. § 216(b) Collective and Fed. R. Civ.P. 23 Class Action Settlement (**#72**).

Plaintiffs in this case are migrant farm workers who were employed by Defendants Star Farms, Inc. and Angelo Palombo (collectively, "Star Farms"). The named Plaintiffs, Ms. Juana Armijo and Mr. Apolinar Valenzuela Ramos, brought a collective action under 29 U.S.C. § 216(b) and a class action under Fed. R. Civ. P. 23(e)(1)(B) on behalf of themselves and similarly situated employees of Star Farms. Plaintiffs allege that Star Farms violated provisions of the Fair Labor Standards Act (FLSA) and the Agricultural Worker's Protection Act (AWPA).[1]

After a settlement conference with the Magistrate Judge, the Plaintiffs and Star Farms

---

[1] Plaintiff Mr. Valenzuela Ramos also brought a claim under the Colorado Wage Claim Act, which he settled individually with Star Farms.

reached an agreement whereby Star Farms would make a series of payments into a fund to be distributed incrementally to class members who file a claim. There are two classes: 1) a Fed. R. Civ. P. 23 Class; and 2) a collective action class under the FLSA. Both classes include all employees of Star Farms from June 27, 2011 through November 13, 2015.

The parties' Settlement Agreement (**#72-1**) has been submitted to the Court for preliminary approval.

### A. 29 U.S.C. § 216(b) Collective Actions and Fed. R. Civ. P. 23 Actions

The Court pauses to note some similarities and differences between the FLSA collective action class and the Rule 23 class as they relate to the Court's preliminary approval of the parties' Settlement Agreement.   In Rule 23 actions, class members are bound by an approved settlement agreement unless they opt-out of the class, whereas in 29 U.S.C. § 216(b) collective actions, class members are not bound by the settlement agreement unless they opt-into the class. *See Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 169-70 (1989); *see also Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001); *Turner v. Chipotle Mexican Grill, Inc.*, ___ F.Supp.3d ___, ___, 2015 WL 4979770, *5 (D. Colo. 2015). As a result, procedures in Rule 23 actions are designed to ensure that potential class-member plaintiffs are afforded appropriate notice in order to object and to opt-out.   In FLSA collective actions, these procedures are relaxed because the potential class member will not compromise his/her rights unless he/she opts in. *See id.; cf. Hansberry v. Lee*, 311 U.S. 32 (1940).   However in this case, potential claimants belong to both classes, the amount of recovery will be capped by the settlement fund, and there is no meaningful opportunity for recovery outside the settlement because the Defendant stands on the brink of insolvency.   Recovery for the class members of both classes depends upon adequate notice and the opportunity to file a proper claim.   The more stringent considerations for

notice in a Rule 23 context apply here.

### B. Preliminary Approval

Having reviewed the proposal and documents of record, the Court is satisfied that it is the product of informed negotiations, falls within the range of possible approval, has no glaring deficiencies, and does not grant preferential treatment to certain class members. It is therefore preliminarily approved and can be noticed to those it may affect.

### C. Notice Procedure

The proposed Settlement Agreement describes generally how notice will be given to class members, however, the Court believes more forethought is necessary to ensure due process. The parties propose giving notice by: 1) first class mail to each known class member, and, if any such mail is returned as undeliverable, the settlement administrator shall update the address using the postal service's change of address list or inquiry of the parties as to the whereabouts of member and 2) place an ad in the legal notices section of a Spanish language newspaper.[2]

The class in this case is composed of migrant, seasonal, and often undocumented immigrant farm-workers. No mention is made as to where potential class members can be found during the working season, much less in winter months when the parties propose to give this notice. Similarly, no mention is made as to the form of notice and whether it can be easily understood by those who the parties intend it to reach.

As a consequence, the Court has real doubts as to whether the proposed notice is meaningful and practical. The Court urges the parties to consider efforts such as tolling the timeline until the next harvest season, when a number of possible class members may return to the

---

[2] The parties have not provided the Court with the name of this publication, nor the location in which it is published, sold, or distributed.

area, contacting agencies that recruit migrant farm workers, or other methods tailed to this potential class. *See Walters v. Reno*, 145 F.3d 1032, 1050 (9th Cir. 1998) (suggesting alternative means of noticing class members who are primarily immigrants). At the hearing, the parties shall be prepared to address notice as it can best be provided in light of the unique circumstances of the class.

### D. Adequacy of the Notice Document

Notice to Rule 23 class members must not only reach class members, but must also fairly apprise them of the terms of the proposed settlement and allow class members to independently evaluate whether the settlement meets their interests. *See Adams v. Southern Farm Bureau Life Ins. Co.*, 493 F.3d 1276, 1286 (11th Cir. 2007). The substance of a notice should take into account the nature of the case and be appropriate given the particular class members. *See In re Nissan Motor Corp. Antitrust Litigation*, 552 F.2d 1088, 1103 (5th Cir. 1977). In an understandable format the notice should describe the steps a class member must take to receive payments, opt out, or make objections. *Id.* at 1104-05. Notice to FLSA collective action members is somewhat less stringent, but must still contain accurate information concerning the collective action so that potential plaintiffs can make informed decisions as to their participation. *See Grady v. Alpine Auto Recovery LLC*, No. 15-cv-00377-PAB-MEH, 2015 WL 3902774, *3 (D. Colo. June 24, 2015).

The Court recognizes that the proposed Notice form generally describes the nature of the lawsuit, but its language is highly legalistic, complicated and it is not clear that it will be provided in Spanish. The claims administrator is located out of state, and there is no appointed person to assist claimants in understanding the notice, or in completing or submitting a claim. The proposed timeline is ambitious and may not be realistic given the potential difficulty of locating class members. Furthermore, there is no showing of a need to make payment before approval of the

settlement, especially given the likelihood of delay in reaching members of the class.

### E. Objection Procedures

Due process requires that, at a minimum, potential Rule 23 class members be given a real opportunity to be heard and right to opt-out. *See AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 348 (2011).[3] As the parties' Settlement Agreement now reads, any member who objects must serve and file a written objection. The Court is again concerned that this requirement is not tailored to the nature of the potential class members, who may not speak English, have any representation, or understand what it means to "file an objection."

### F. Conclusion

In light of these concerns, the Court defers ruling on the Joint Motion for Preliminary Approval of Proposed Class Action Settlement (**#72**) pending clarification and modification of the notice, claim and objection procedures. The Parties shall jointly contact chambers at 303-335-2289 within 7 days of the date of this Order to set a hearing date to address notice and other issues.

DATED this 14th day of December, 2015.

                                                   **BY THE COURT:**

                                                   Marcia S. Krieger
                                                   United States District Court

---

[3] FLSA collective action members are not afforded objection procedures because, as discussed, such potential member-plaintiffs are not bound by the litigation unless they actively opt-in. *See Thiessen*, 267 F.3d at 1102.